## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNION PACIFIC RAILROAD COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 03-2660-KHV** |
| **LOCAL #1409, UNITED TRANSPORTATION** | ) | |
| **UNION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Union Pacific Railroad Company ("Union Pacific") brings suit against Local #1409, United Transportation Union (the "Union") and Greg F. Haskin, local chairman of the Union, for violation of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et al. Specifically, Union Pacific asserts that by not stopping union members from excessively using lay-offs during weekends and holidays, defendants violated Sections 2 First and 6 of the RLA, 45 U.S.C. §§ 152 First and 156. The Union counterclaims that by not complying with staffing requirements under the parties' collective bargaining agreement, Union Pacific violated Sections 2 First, 2 Seventh and 3 of the RLA, 45 U.S.C. §§ 152 First and Seventh and 153. On September 21, 2004, the Court sustained the Union's motion to dismiss for lack of subject matter jurisdiction, finding that plaintiff's claims involve a "minor dispute" and are subject to mandatory arbitration under the RLA. See Memorandum And Order And Order To Show Cause (Doc. #46) at 7-11.[1] In light of its ruling, the Court ordered Union Pacific to show cause why its claims against Haskin should not be dismissed for lack of subject matter jurisdiction. See id. at 13. In addition, the Court ordered the Union to show cause why its

_____

[1]        The order was signed on September 20, 2004 and filed on September 21, 2004.

counterclaims should not be dismissed for lack of subject matter jurisdiction.  See id.  This matter is before the Court on the parties' responses to the show cause order and Plaintiff's Motion To Reconsider The Court's September 20, 2004 Order (Doc. #48) filed October 4, 2004.

## I.       Union Pacific's Response To Show Cause Order

In response to the show cause order, Union Pacific agrees that the Court's analysis regarding subject matter jurisdiction over its claims against the Union applies equally to its claims against Haskin.  See Plaintiff's Response To The Court's Show Cause Order And Memorandum In Support Of Its Motion To Reconsider The Court's September 20, 2004 Order (Doc. #49) filed October 4, 2004 at 9-10.  The Court will therefore dismiss the claims against Haskin for lack of subject matter jurisdiction.

## II.      The Union's Response To Show Cause Order

In response to the show cause order, the Union states that it will not argue that its counterclaims against Union Pacific involve a "major dispute" under the RLA.  See Defendants United Transportation Union[']s And Local Chairperson Greg Haskin[']s Reply To The Court[']s September 20, 2004 Order To Show Cause (Doc. #54) filed October 14, 2004.  Based on the analysis in its previous order, see Doc. #46 at 7-11, the Court finds that the Union's counterclaims involve a "minor dispute" and are subject to mandatory arbitration under the RLA.  The Court will therefore dismiss the counterclaims for lack of subject matter jurisdiction.

## III.     Union Pacific's Motion To Reconsider

Union Pacific asks the Court to reconsider its ruling that it lacks subject matter jurisdiction over Union Pacific's claims against the Union.  Specifically, Union Pacific argues that (1) the Court should reverse its ruling because the Union has refused to arbitrate the matter; and (2) the Court erred

2

in finding no jurisdiction over Union Pacific's claim for injunctive relief under Section 2 First of the RLA. Union Pacific also asks the Court to compel arbitration of its claims against the Union.

### A.    Motion For Reconsideration

The Court has discretion whether to grant a motion to reconsider.  See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).  The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.  See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.  See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).  Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

The Court's jurisdictional ruling is based on its finding that Union Pacific's claims against the Union involve a "minor dispute" and are subject to mandatory arbitration under the RLA.  Union Pacific asserts that the Court should reverse this finding because after the Court entered its order, the Union refused Union Pacific's efforts to arbitrate the claims. An opposing party's refusal to arbitrate, however, does not constitute a valid ground for reconsideration.  See Major, 647 F.2d at 112; Burnett, 929 F. Supp. at 1360.  The Court will not reconsider its order on this ground.

Union Pacific asserts that the Court erred in finding that it lacked jurisdiction over Union Pacific's claim for injunctive relief under Section 2 First of the RLA.  Section 2 First provides as

3

follows:

> It shall be the duty of all carriers, their officers, agents, and employees to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof.

45 U.S.C. § 152 First.

In its previous order, the Court noted that Union Pacific had cited only cases which involved "major disputes" in which parties sought to preserve the status quo during negotiations for collective bargaining agreements.  See Memorandum And Order To Show Cause (Doc. #46) at 10 (citing Chicago & N. W. Ry. Co. v. United Transp. Union, 402 U.S. 570 (1971) (action to enjoin threatened strike after failed negotiations regarding work rules); Delta Air Lines, Inc. v. Air Line Pilots Assoc., Int'l, 238 F.3d 1300 (11th Cir. 2001) (action to enjoin concerted action by pilots during ongoing negotiations); Int'l Assoc. of Machinists & Aerospace Workers v. Transportes Areos Mercantiles Pan Americandos, S.A., 924 F.2d 1005 (11th Cir. 1991) (action to enjoin employer from making unilateral changes in working conditions during negotiations for CBA)).  Because the conduct in those cases related to the formation or modification of collective bargaining agreements, the Court found that the disputes were "major" for purposes of the RLA.  See Memorandum And Order To Show Cause (Doc. #46) at 10.  The Court distinguished the claims here – which involve a "minor dispute" – and concluded that Union Pacific could not use artful pleading to circumvent the mandatory arbitration requirements of the RLA.  See id.

In its motion for reconsideration, Union Pacific asserts that under Section 2 First of the RLA, the Court has jurisdiction to issue an injunction.  In support of its argument, Union Pacific cites

Elgin, J. & E. Ry. Co. v. Burley, 325 U.S. 711 (1945), which involved the power of a collective bargaining agent to represent employees before the Railroad Adjustment Board. See id. at 728. In dicta, the Supreme Court stated that the duty imposed by Section 2 First applies to all disputes, whether "major" or "minor." See id. at 729 n.26. The Supreme Court, however, did not address whether federal courts may issue injunctions under Section 2 First in cases involving "minor disputes."

Union Pacific cites no authority which suggests that the Court may impose an injunction under Section 2 First on the facts of this case. Union Pacific cites cases involving "minor disputes" in which courts have enjoined union strikes and work slowdowns, see Rutland Ry. Corp. v. Bhd. of Locomotive Eng'rs, 307 F.2d 21, 36 (2d Cir. 1962) (injunction against strike in "minor dispute"); Long Island Ry. Co. v. System Federation No. 156, 289 F. Supp. 119, 125 (E.D.N.Y. 1968) (preliminary injunction against work slowdown), but this case does not involve a union strike or work slowdown. Union Pacific also cites cases involving "major disputes" in which courts have stated in dicta that the duties imposed by Section 2 First apply in cases involving "minor disputes." See Air Cargo Inc. v. Local Union 851, 733 F.2d 241, 247-48 (2d Cir. 1984); Norfolk & W. Ry. Co. v. Bhd. of Locomotive Engineers, 459 F. Supp. 136, 139-40 (W.D. Va. 1978).

The most analogous case which Union Pacific cites is Southern Railway Co. v. Brotherhood of Locomotive Firemen & Enginemen, 384 F.2d 323 (D.C. Cir. 1967). In that case, the union sued the railroad for alleged violations of the RLA. The district court issued an injunction which enjoined the railroad from making certain job assignments which the union claimed violated the parties' collective bargaining agreement. In addition, the district court enjoined the railroad from (1) failing or refusing to meet with the union; and (2) failing or refusing to exert every effort in good faith to

resolve any disputes which may have arisen with the union.  The railroad appealed, asking the District of Columbia Circuit to suspend the preliminary injunction.  To prevail, the railroad had to make a "strong showing" that it was likely to prevail on the merits on appeal.  Id. at 374.  The District of Columbia Circuit noted that to the extent the claims involved a "minor dispute," the district court had jurisdiction "only to the extent that injunctive relief might be required to preserve the status quo pending resolution of the controversy by the National Railroad Adjustment Board."  Id. at 326.  The court found a strong likelihood that the railroad would show that the claims involved a "minor dispute" and that the district court therefore lacked jurisdiction to issue an injunction which required compliance with the collective bargaining agreement.  Id. at 327-28.  With respect to the remaining portions of the injunction – prohibiting the railroad from (1) failing or refusing to meet with the union; and (2) failing or refusing to exert every effort in good faith to resolve any disputes which may have arisen with the union – the District of Columbia Circuit Court refused to suspend the preliminary injunction.  In this regard, the court found that regardless whether the dispute is "major" or "minor" under the RLA, a federal court may issue an injunction to compel an employer to comply with the requirements of Section 2 First.  Id. at 328-29.

In this case, Union Pacific seeks an injunction which prohibits the Union from interpreting the parties' agreement in a manner contrary to the way Union Pacific interprets the agreement. Specifically, Union Pacific seeks an injunction which bars defendants from "effectively unilaterally changing the Settlement Agreement through the excessive use of lay-offs and compelling Defendants to abide by the terms of the Settlement Agreement with regard to work assignments on weekends and holidays and the number of starts employees are required to work per month."  Complaint (Doc. #1) filed December 29, 2003 at 11.  The requested relief does not seek to merely preserve the

status quo pending arbitration.  See Southern Ry., 384 F.2d at 326.  Rather, it asks the Court to interpret the parties' collective bargaining and settlement agreements regarding the number of starts which employees are expected to work per month and how employees may exercise their lay-off rights under the agreements.  The requested relief goes directly to the merits of this "minor dispute." The Court lacks subject matter jurisdiction over such claims.  See Southern Ry., 384 F.2d at 329.

**B.      Motion To Compel Arbitration**

Union Pacific asks the Court to compel arbitration of its claims.  Union Pacific's complaint does not assert a claim to compel arbitration, however, and Union Pacific has not sought leave to amend its complaint to assert such a claim.  The Court therefore overrules its request for an order compelling arbitration.[2]

**IT IS THEREFORE ORDERED** that Union Pacific's claims against Haskin be and hereby are **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Union's counterclaims against Union Pacific be and hereby are **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Reconsider The Court's September 20, 2004 Order (Doc. #48) filed October 4, 2004 be and hereby is **OVERRULED.**

Dated this 18th day of January, 2004 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2]      Because the Court lacks jurisdiction over the claims in this lawsuit, the proper procedure would be to file a separate lawsuit to compel arbitration.

7